UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yun Ming Ou,<br><br>        Plaintiff,<br><br>    - against -<br><br>New China King Kitchen Inc., Sen Hei Cheung, Ming Cheung, and Chris Zheng<br><br>        Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Yun Ming Ou ("Plaintiff"), by and through the undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants New China King Kitchen Inc., Sen Hei Cheung, Ming Cheung, and Chris Zheng (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiff alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek and the spread of hours premium.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of NYLL, (4) liquidated damages equal to the sum of unpaid "spread of hours" premium and unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Yun Ming Du is a resident of New York City and was employed as a cook by New China King Kitchen Inc. located at 851 Prospect Ave, Westbury, New York, 11590 from January 2012 to June 8, 2017.

## DEFENDANTS

8. Upon information and belief, Defendant, New China King Kitchen Inc., owns and operates a restaurant in New York State located at 851 Prospect Ave, Westbury, New York, 11590.

9. Upon information and belief, Defendant, New China King Kitchen Inc., had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, New China King Kitchen Inc. purchased and handled goods moved in interstate commerce.

10. Upon information and belief, Defendant Sen Hei Cheung, is the owner, officer, director and/or managing agent of New China King Kitchen Inc. at 851 Prospect Ave, Westbury, New York, 11590 and participated in the day-to-day operations of New China King Kitchen Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with New China King Kitchen Inc..

11. Upon information and belief, Defendant Sen Hei Cheung owns the stock of New China King Kitchen Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

12. Upon information and belief, Defendant Ming Cheung is the owner, officer, director and/or managing agent of New China King Kitchen Inc. at 851 Prospect Ave, Westbury, New York, 11590 and participated in the day-to-day operations of New China King Kitchen Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with New China King Kitchen Inc..

13. Upon information and belief, Defendant Ming Cheung owns the stock of New China King Kitchen Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

14. Upon information and belief, Defendant Chris Zheng is the owner, officer, director and/or managing agent of New China King Kitchen Inc. at 851 Prospect Ave, Westbury, New

York, 11590 and participated in the day-to-day operations of New China King Kitchen Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with New China King Kitchen Inc..

15. Upon information and belief, Defendant Chris Zheng owns the stock of New China King Kitchen Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

16. At all times relevant herein New China King Kitchen Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

19. Defendants committed the following alleged acts knowingly, intentionally and willfully.

20. Defendants knew that the nonpayment of overtime pay, spread of hours pay, failure to provide the required wage notice at the time of hiring and failure to provide paystubs would injure Plaintiff violate state and federal laws.

21. From January 2012 to June 8, 2017, Plaintiff was hired by Defendants to work as a cook for Defendants' restaurant located at 851 Prospect Ave, Westbury, New York, 11590.

4

22. During this period, Plaintiff's schedule ran from 11:00am to 11:00pm on Tuesday, Wednesday and Thursday. He worked from 11:00pm to 12:00am on Friday and Saturday, and from noon to 11:00pm on Sunday. Plaintiff did not work on Monday. Plaintiff worked at least seventy-three (73) hours per week, six days a week.

23. Regardless of Plaintiff's hours worked, he was paid a flat monthly rate: $2,700 monthly from January 2012 to January 2013; $2,800 monthly from February 2013 to April 2014; $2,900 monthly from May 2014 to May 2016; $3,000 monthly from June 2016 to June 8, 2017. Plaintiff was paid in cash and check.

24. Plaintiff was not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

25. Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

26. Plaintiff was not compensated for New York's "spread of hours" premium for shifts that exceed ten (10) hours, six (6) days each week.

27. Defendants did not provide Plaintiff with a wage notices at the time of their hiring

28. Defendants committed the following alleged acts knowingly, intentionally and willfully.

29. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff by their violation of federal and state laws.

30. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

31. Plaintiff 's workdays frequently lasted longer than 10 hours.

32. Defendants did not pay Plaintiff New York's "spread of hours" premium for every day in which they worked over 10 hours.

33. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

34. Defendants did not provide Plaintiff with written notices about the terms and conditions of his employment upon hire in relation to his rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's pay increase(s).

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage]**

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. §207(a).

37. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

38. Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

39. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff

for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

40. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

41. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay]

43. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

45. Defendants' failure to pay Plaintiff his overtime pay violated NYLL.

46. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Spread of Time Pay]

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

49. Defendants' failure to pay Plaintiff his spread-of-hours pay violated NYLL.

50. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT IV
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

53. Due to the Defendants' violation of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
### [Violation of New York Labor Law—New York Pay Stub Requirement]

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

55. New York Labor Law and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

56. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after Plaintiff's payday.

91. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## **Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests that this court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b) An injunction against New China King Kitchen Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) An award of unpaid overtime wages due under FLSA and New York Labor Law plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent under NY Wage Theft Prevention Act, and interest;

d) An award of unpaid "spread of hours" premium due under the New York Labor Law;

e) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

f) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

i) The cost and disbursements of this action;

j) An award of prejudgment and post-judgment fees;

k) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York , June 27, 2017   HANG & ASSOCIATES, PLLC.

*/S/ GE QU*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by New China King Kitchen Inc., Sen Hei Cheung, Ming Cheung, Chris Zheng and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

OU. Yun ming
Full Legal Name (Print)

Yun ming ou
Signature

6/26/2017
Date

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:   Sen Hei Cheung, Ming Cheung, and Chris Zheng

     PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yun Ming Ou intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of New China King Kitchen Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

     Dated: June 27, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: New China King Kitchen Inc.
851 Prospect Ave, Westbury, New York, 11590

PLEASE TAKE NOTICE, that Yun Ming Ou intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: June 27, 2017